Arold H. RIPPERGER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7448.

United States Court of Appeals Fourth Circuit.

Argued Oct. 15, 1957.

Decided Oct. 21, 1957.

R. Carleton Sharretts, Jr., Baltimore, Md., for appellant.

Leon H. A. Pierson, U. S. Atty., Baltimore, Md., for appellee.

Before PARKER, Chief Judge, HAYNSWORTH, Circuit Judge, and THOMPSON, District Judge.

PER CURIAM.

This is an appeal from a conviction and sentence for failure to file income tax returns for the years 1953 and 1954. Appellant is a lawyer who had filed returns for other persons and for himself for certain years prior to the years in question. His defense is that he did not have the money to pay the income taxes due for these years and thought that he was not required to file returns when he did not have the money to pay the taxes due by him. The case was heard without a jury by the District Judge, who found that the failure of appellant to file the returns was "voluntary, purposeful deliberate and intentional, and not accidental, inadvertent or negligent." He further found that appellant "knew that the returns ought to have been filed and that he deliberately failed to file them so that the government would not know the extent of his income and of his tax liability." With respect to intent to evade the payment of taxes, the judge made the following finding:

"I do not think it is necessary for the government to prove in a case under [26 U.S.C.A. §] 145(a) or [§]

7203 that the defendant intended or attempted to evade the payment of taxes indefinitely or at all; but if the government did have such a burden I find that it was met in this case.

"That is a natural inference from the evidence in this case, and no other motive or purpose has been suggested."

The evidence amply sustained these findings by the judge. Appellant had a gross income of more than $7500 for the year 1953 and of more than $8000 for the year 1954. His tax liability on income not reported as a result of failure to file returns was $932.42 for 1953 and $862.48 for 1954.[1] He was a lawyer 35 years of age who had been filing tax returns for others and must have known of the duty resting upon those with an income such as his to file tax returns. His explanation that he did not know that the law required the filing of returns when he did not have the money to pay the tax is so unreasonable that the judge was thoroughly justified in not accepting it. As we pointed out in the case of Yarborough v. United States, 4 Cir., 230 F.2d 56, 61, "ignorance of a duty imposed by law may negative wilfulness in failure to perform the duty." Whether such wilfulness was negatived here was a question of fact for the trial judge, who heard the testimony in the case, including that of appellant, and concluded that not only wilfulness in the failure to file the return but also an intent to evade taxes had been established. The judge's statement at the time of conviction and sentence shows that he was applying the principles of law properly applicable in the case. Yarborough v. United States, supra; Haskel v. United States, 10 Cir., 241 F.2d 790; United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381; Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418.

Affirmed.

1. A small amount had been withheld from salary which he had earned during these years as organist at a church and had been paid by the employer.