Daniel L. ABDUL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15523.

United States Court of Appeals
Ninth Circuit.

March 31, 1958.

Rehearing Denied April 24, 1958.

Howard K. Hoddick, Honolulu, Hawaii, for appellant.

Louis B. Blissard, U. S. Atty., Edgar D. Crumpacker, Sanford J. Langa, Asst. U. S. Attys., Honolulu, Hawaii, for appellee.

Before STEPHENS, Chief Judge, and ORR and FEE, Circuit Judges.

ORR, Circuit Judge.

Appellant was indicted on twelve counts, six charging wilful failure to truthfully account for and pay over withholding taxes in violation of 1939 Internal Revenue Code § 2707(c) [1] and 1954

---

1. "Any person, required under this subchapter to collect, account for and pay over any tax imposed by this subchapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this subchapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for

Internal Revenue Code § 7202,[2] felonies, and six counts charging wilful failure to file tax returns at the times required by law in violation of 1939 Internal Revenue Code § 2707(b)[3] and 1954 Internal Revenue Code § 7203,[4] misdemeanors. He was acquitted on the felony charges and convicted on the misdemeanors.

Appellant's defense to the misdemeanor counts was that although he knew he was required to file returns, he believed that he could not file them unless he also paid the taxes at the same time, and that since he did not have the money, he did not file the returns at the required times.

Appellant assigns several alleged errors. We think it sufficient to notice but two:

1. Error in instructions to the jury on the meaning of the term "wilfully" as used in the misdemeanor counts of the indictment.

2. Admission over objection of prejudicial evidence elicited by the government.

■ The meaning of the word "wilfully" as used in the tax statutes has been considered in a number of cases and seems to have come to rest in this Circuit, as well as others, as meaning with respect to felonies, "with a bad purpose or evil motive." See, e. g., Bloch v. United States, 9 Cir., 1955, 221 F.2d 786; Forster v. United States, 9 Cir., 1956, 237 F.2d 617. Cf. Imholte v. United States, 8 Cir., 1955, 226 F.2d 585; Wardlaw v. United States, 5 Cir., 1953, 203 F.2d 884; Haigler v. United States, 10 Cir., 1949, 172 F.2d 986. But the meaning of the word "wilfully" as used in the statute defining a misdemeanor has not as yet reached such repose. The trial court in the instant case thought the word "wilful" as used in defining a misdemeanor required a different interpretation, as evidenced by the instructions given after the jury had returned a second time asking clarification of the instructions.

In the first instructions given, the trial court said:

"The word 'wilful' as used in [the misdemeanor] counts * * *, that is, failing to make a tax return, means with a bad purpose or without grounds for believing that one's act is lawful or without reasonable cause

not more than five years, or both, together with the costs of prosecution." 1939 IRC § 2707(c), 26 U.S.C.A. § 2707 (c).

2. "Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution." 1954 IRC § 7202, 26 U.S.C.A. § 7202.

3. "Any person required under this subchapter to pay any tax, or required by law or regulations made under authority thereof to make a return, keep any records, or supply any information, for the purposes of the computation, assessment, or collection of any tax imposed by this subchapter who willfully fails to pay such tax, make such returns, keep such records, or supply such information, at the time or times required by law or reg-

ulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than one year, or both, together with the costs of prosecution." 1939 IRC § 2707(b), 26 U.S. C.A. § 2707(b).

4. "Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of section 6015 or section 6016), keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution." 1954 IRC § 7203, 26 U.S.C.A. § 7203.

or capriciously or with a careless disregard whether one has the right so to act. With regard to the other [felony] counts * * * I supplement my instructions on the definition of wilful in the following language: An act is done wilfully if done voluntarily and purposely and with a specific intent to do that which the law forbids. Wilfulness implies a bad faith and an evil motive."

The jury returned later and the foreman addressed the court as follows:

"Your Honor, certain members of the jury are confused. They would like the words 'intent' and 'motive' discussed."

The court thereupon re-instructed the jury as follows:

"The types of wilfulness involved in these two different charges are separate and distinct and I ask you to pay particular attention to me when I describe to you just what is meant in each instance. The word 'wilful' as used in [the misdemeanor] counts * * *, that is, failing to make a tax return, means with a bad purpose or without grounds for believing that one's act is lawful or without reasonable cause, or capriciously or with a careless disregard whether one has the right so to act. The word 'wilful' as used in the [felony] counts * * * that is, in failing to truthfully account for and pay over the taxes, means with knowledge of one's obligation to pay the taxes due and with intent to defraud the Government of that tax by any affirmative conduct. Further, with respect to these counts, wilfulness implies bad faith and an evil motive."

This instruction was read to the jury twice at that time, and when the jury returned a second time, was read to them twice more.

The definition of "wilfully" was pinpointed in the instruction to the jury to such an extent that it cannot be said that other instructions would clarify it in their minds, or that the definition given was not a substantial factor in their verdict. Bloch v. United States, 9 Cir., 1955, 223 F.2d 297.

■ The definition of the word "wilfully" as used in the misdemeanor statute was correctly defined in the instructions given by the court. That a difference exists in the meaning of "wilfully" when used in the statute defining a felony and that defining a misdemeanor is recognized. It is "a word of many meanings, its constructions often being influenced by its context. United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381. It may well mean something more as applied to nonpayment of a tax than when applied to failure to make a return. Mere voluntary and purposeful, as distinguished from accidental, omission to make a timely return might meet the test of willfulness." Spies v. United States, 1943, 317 U.S. 492, 497–498, 63 S.Ct. 364, 367, 87 L.Ed. 418.

■ In the definition given, the trial court began with the statement that "wilful" as used in the misdemeanor counts means with a bad purpose, which standing alone would meet appellant's criticism, but it is argued that the addition of the words "or without grounds for believing that one's act is lawful or without reasonable cause, or capriciously, or with a careless disregard whether one has the right so to act," so watered down the meaning of the term "with a bad purpose" as to render the instruction erroneous. We conclude that the word "wilful" as used in the misdemeanor statute means something less when applied to a failure to make a return than as applied to a felony non-payment of a tax. This being true, then the words used in the instruction defining "wilful" as relates to a misdemeanor adequately and clearly point up that difference.

Instructions similar to the one under consideration in the instant case have been upheld in Ripperger v. United States, 4 Cir., 1957, 248 F.2d 944, certiorari denied 1958, 355 U.S. 940, 78 S.Ct.

428, 2 L.Ed.2d 421, and in Yarborough v. United States, 4 Cir., 1956, 230 F.2d 56. In the case of United States v. Litman, 3 Cir., 1957, 246 F.2d 206, the Third Circuit had under consideration an instruction in which language similar to that used in the instruction under consideration in the instant case appeared. The Third Circuit without expressly referring to the import of the use of said language held that other instructions in the Litman case informed the jury that bad purpose was a necessary element of the definition of "wilful". We hold that the instruction defining "wilful" as used in the misdemeanor counts of the indictment in the instant case was not erroneous.

As to the second alleged error, on cross-examination counsel for the government asked the defendant the following questions, which were duly objected to and the objections overruled:

"Q. Now, let me ask you, isn't it true that in your dealings, not only with the Bishop Bank but also with these other people that you dealt with, one of the methods that you were using to make sales was to take, for example a four hundred dollar bedroom set, and tell the customer—say a customer comes in and he says he can't make a down payment, and you say that is all right, we will just mark it up four hundred, fifty dollars and give you credit for fifty dollars down payment and then you discount the paper with the bank at the amount of four hundred dollars, which is exactly the price that your furniture was marked at in the first place. Isn't that the type of practice you were doing?

\*　　\*　　\*　　\*　　\*

"Q. Do you remember Mr. and Mrs. Nicholas Aguinoy? Let me refer you to December of 1954. Do you recall selling a tricycle and two toy autos to Mr. and Mrs. Aguinoy for $66.75?

\*　　\*　　\*　　\*　　\*

"Q. It is true, is it not, that you made use of matter which came from nationally advertised goods, blocking out the nationally advertised names, and using those to advertise goods of an inferior quality?

\*　　\*　　\*　　\*　　\*

"Q. It is true, Mr. Abdul, that you received numerous complaints about the method of advertising that you used at Home Furniture Company?"

The evidence attempted to be elicited by the questions was incompetent, irrelevant and immaterial and not proper cross-examination. It could have had no other effect than to prejudice the jury against the defendant. An excursion such as this, far afield from the limits of legitimate cross-examination of a defendant, cannot be justified upon the theory of testing his credibility. Bloch v. United States, 9 Cir., 1955, 221 F.2d 786; United States v. Tomaiolo, 2 Cir., 1957, 249 F.2d 683; 3 Wigmore on Evidence §§ 983(3) and (4).

Reversed.