Sam E. **HANER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 20036.

United States Court of Appeals
Fifth Circuit.

April 4, 1963.

Ross N. Sterling, Houston, Tex., Sam E. Haner, Texarkana, Tex., for appellant.

Andrew L. Jefferson, Jr., Asst. U. S. Atty., San Antonio, Tex., Ernest Morgan, U. S. Atty., K. Key Hoffman, Jr., Asst. U. S. Atty., for appellee.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant appeals from his conviction under a three count indictment alleging willful failure to file his income tax returns for the years 1955, 1956, and 1957, in violation of 26 U.S.C. § 7203.[1] The information alleged that his gross income for each of those years, respectively was $76,316.08, $99,832.58, and $62,455.55. A substantial part of that income was derived from contracts with the United States government for appellant's services as a mail carrier and from contracts with military installations, apparently for the performance of moving and storage services. In addition, the appellant apparently received, in each of the years in question, rental income in excess of six hundred dollars.

No real issue was presented below as to appellant's failure to file a return for each of those years. The principal issue involved the statutory requirement that the failure to file be *willful*, and it appears that the principal defense made was that the appellant was unaware of his legal obligation to file a return for each of those years. For example, he in-

1. That section provides:

"Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return * * *, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than one year, or both, together with the costs of prosecution." 26 U.S.C. § 7203.

troduced evidence that a major portion of his income from the government contracts had been assigned to a creditor, apparently in an effort to show that he was simply unaware that his gross income exceeded six hundred dollars in 1955, 1956, and 1957.

■ Only one of the contentions advanced by appellant on this appeal warrants discussion. The trial court charged the jury: "You are further instructed that the word 'wilful' as used in this statute means with a bad purpose, or without ground for believing that one's act is lawful, *or with a careless disregard whether one has the right to so act*." (emphasis added) Appellant contends, and we think correctly, that that instruction permitted the jury to convict him for mere carelessness or inadvertence, contrary to the statutory requirement that the failure to file must be willful.

■ Seeking to uphold the charge, the government argues that the word "willful" means something less when used in a misdemeanor statute, as is the one involved in this case, than when used in a felony statute. While the Congress could, of course, have written the statute so as not to require willfulness as an element of the crime alleged in this case, Congress having made willfulness an essential element of the offense, the courts cannot write it out. "Willful" generally means intentional, knowing, or purposeful, *as opposed to* careless, thoughtless, heedless, or inadvertent, and it means nothing less as used in Section 7203.

It follows that we are unable to agree with the decision of the Ninth Circuit in Abdul v. United States, (1958) 254 F.2d 292, in which a charge similar to the one given here was approved.[2] With deference, we must say that, in our opinion, that court drew an incorrect conclusion[3] from *dicta* in Spies v. United States, (1934) 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, and United States v. Murdock (1933) 290 U.S. 389, 54 S.Ct. 223, 78 L. Ed. 381.

■ We hold, not only that the charge was erroneous, but that the error was such as to require reversal. We are aware of the fact that no objection was made to it below. However, an affirmative duty rests upon the trial judge to give a correct charge and, similarly, upon us to correct a clearly and substantially incorrect one. The charge, being a misstatement of the law, constituted plain error, and, as such, the error is cognizable under Rule 52(b), Federal Rules of Criminal Procedure. When the nature of appellant's defense is considered, it being essentially that, though he may have been careless or negligent in not filing a return, his failure to file was not knowing and wilful, we think it clear that the charge was most prejudicial. The case must, therefore, be reversed and remanded for a new trial.

We have considered the other arguments advanced by the appellant, and, in our opinion, no further error appears. The judgment is accordingly

Reversed and remanded.

2. The court stated: "We conclude that the word 'wilful' as used in the misdemeanor statute means something less when applied to a failure to make a return than as applied to a felony non-payment of a tax. This being true, then the words used in the instruction defining 'wilful' as relates to a misdemeanor adequately and clearly point up that difference." 254 F.2d at 294.

3. The court stated: "The definition of the word 'wilfully' as used in the misdemeanor statute was correctly defined in the instructions given by the court. That a difference exists in the meaning of 'wilfully' when used in the statute defining a felony and that defining a misdemeanor is recognized. It is 'a word of many meanings, its constructions often being influenced by its context. United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381. It may well mean something more as applied to nonpayment of a tax than when applied to failure to make a return. Mere voluntary and purposeful, as distinguished from accidental, omission to make a timely return might meet the test of wilfulness.' Spies v. United States, 1943, 317 U.S. 492, 497–498, 63 S.Ct. 364, 367, 87 L.Ed. 418." 254 F.2d at 294.

WISDOM, Circuit Judge (dissenting).

I respectfully dissent.

The majority opinion concentrates on one paragraph in the charge and focuses on two words, "careless disregard". The complete charge on wilfulness was as follows:

"You will note that the omission or failure to act charged in the three counts of the information is alleged to have been wilfully done.

"A failure to act is 'wilfully' done, if done voluntarily and purposely, and with *the specific intent to fail to do what the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.*

"You are further instructed that the word 'wilful' as used in this statute means with a bad purpose, or without ground for believing that one's act is lawful, or with a careless disregard whether one has the right to so act.

"You must look to the facts and circumstances in evidence surrounding the defendant's acts or omissions to determine *his knowledge,* if any, intent, if any, and *wilfulness,* if any. In determining whether the failure of the defendant to file income tax returns, as charged in the information, was wilful must be determined by you from all the facts and circumstances developed on the trial of this case." (Emphasis supplied.)

With deference, I suggest that the trial court did *not* offer the alternative of finding the defendant guilty of negligence by referring to "carelessness or inadvertence" as elements of wilfulness. On the contrary, the trial judge charged that there must be "the specific intent to fail to do what the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law." The unmodified word "disregard", as used in the paragraph from which that quotation is taken, means the conscious, deliberate flouting of the law. That is all it can mean. It carries the same meaning in the next paragraph. When modified by "careless", the two words mean the reckless, irresponsible flouting of the law.

That is just what the evidence proved. The defendant is no young innocent. He is an industrious business man whose gross income in the years in question amounted to $77,000 in 1955, $100,000 in 1956, and $62,500 in 1957. He lived on the Government: the greater part of his income came from contracts with the United States. But, except for 1946, he filed no income tax returns from 1935 through 1960. And, in prior judicial proceedings, he admitted that he had knowledge of his legal obligation to file federal income tax returns and falsely stated that he had done so in 1953, 1954, and 1956.

Here is a man who rashly, recklessly, irresponsibly, deliberately flouted the law. He didn't give a hoot; he couldn't care less; he didn't care whether school kept or not. Brash, overconfident, a man who got by with murder for over twenty years, he could afford to thumb his nose at Uncle Sam, and take his chances: he was ahead of the game. Taking the charge as a whole, I believe that is what "careless disregard" of the tax law means to jurors used to plain, if cliche, talk. The man in the street could not confuse it with "carelessness" in the sense of negligence.

I would affirm, with a vote of thanks to the jury for a job well done.