**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**HORACE K. HAYS, Defendant**

## Criminal No. 38-1964

## District Court of the Virgin Islands

Div. of St. Thomas and St. John

## December 3, 1964

*See, also, 235 F.Supp. 765*

ALMERIC L. CHRISTIAN, United States Attorney for the District of the Virgin Islands, St. Thomas, Virgin Islands; WILLIAM M. SCENT, United States Attorney for

the Western District of Kentucky, Louisville, Ky., admitted pro hac vice, *for the Government of the Virgin Islands*

BAILEY & WOOD, St. Thomas, Virgin Islands; CUNNINGHAM & WEINSTEIN (ARTHUR B. CUNNINGHAM, of counsel), Miami, Fla., admitted pro hac vice, *for Horace K. Hays*

GORDON, *District Judge*

The defendant, Horace K. Hays, is charged in each of three counts of an information with the wilful attempt to evade or defeat the payment of the Virgin Islands income tax, in that he filed with the Tax Division of the Department of Finance of the Government of the Virgin Islands a false and fraudulent income tax return for the years 1957, 1958, and 1959. The aforesaid being a violation of 33 Virgin Islands Code § 1521 which provides:

"Whoever willfully attempts in any manner to evade or defeat any tax imposed by this subtitle or the Virgin Islands income tax law or the payment thereof, shall, in addition to other penalties provided by law, be fined not more than $10,000 or imprisoned not more than 5 years, or both, together with the costs of prosecution."

The trial of this case before the Court commenced on October 6, 1964, and concluded on October 21, 1964. The Court pursuant to an ex parte application by the defendant permitted counsel for the defendant time in which to file a post trial brief. The brief of the defendant was filed on November 18, 1964.

The Court has reviewed the voluminous exhibits that have been admitted into evidence and has reviewed the evidence as to each count of the information separately.

There are two essential elements of the crime of wilfully attempting to evade or defeat the payment of income tax. The first element the government must prove is that a tax is due and owing by the defendant. Koontz v. United States, 277 F.2d 53. The second element that

must be proven is that the defendant wilfully attempted to evade or defeat the tax which is owing. Spies v. United States, 317 U.S. 492, 498. The mere understatement of one's tax liability is not enough. United States v. Alker, 260 F.2d 135, 148. It must also be proven that the defendant had a specific intent to defeat the tax. Both these elements must be proven beyond a reasonable doubt.

For the year 1957, the defendant on his income tax return, Form 1040, stated that his taxable income for the year was $6,572.70 and that the amount due and owing the government was the sum of $1,365.99. The government has proven from all of the evidence and as summarized by Government Exhibit 31(e), which is a summary of the gross income omitted from the individual income tax return of the defendant and his wife, that he received payments which represent income in the amount of $78,863.57. In addition to this, the government has proven that the defendant took an income tax deduction which is not allowable in the amount of $1,326.54, making a total gross income of $80,190.11. After computing additional deductions which were allowable which the defendant did not take in the sum of $1,934.10, the taxable income omitted was $78,256.01. The government has proven beyond a reasonable doubt that the income tax due and owing for the year 1957 is $41,445.82.

For the year 1958, the defendant on his income tax return, Form 1040, stated that his taxable income was $2,057.94 and that the amount due and owing was the sum of $421.59. The government has proven from all of the evidence and as exhibited by the summary schedule, Government Exhibit No. 31(e), that the taxable income was $10,662.92. In addition, the government has proven that the defendant took income tax deductions which are not allowable in the sum of $1,367.70, making a total gross income in the amount of $12,030.62. After computing additional deductions which

the defendant was entitled to take, but failed to take in the amount of $910.14, the taxable income omitted was $11,120.48. The government has proven beyond a reasonable doubt that the income tax due and owing by the defendant for the year 1958 is $2,651.94.

For the year 1959, the defendant stated on the income tax return, Form 1040, that his "taxable income [was] less than exemptions" and that the amount due and owing was $00.00. The government has proven from all of the evidence and also as exhibited by the summary schedule Government Exhibit No. 31 (e) that the taxable income was $13,618.36. The government has shown that the defendant did not take deductions in the amount of $3,643.15. Thus, the taxable income omitted was $9,975.21. The government has proven beyond a reasonable doubt that the income tax due and owing by the defendant for the year 1958 is $2,301.55.

All of the foregoing discussion conclusively shows that the first element of the crime that being a tax due and owing for the three years in question was proven beyond a reasonable doubt.

█ The Court will now discuss whether the defendant wilfully attempted to evade or defeat his income tax for the years 1957, 1958, and 1959. The government must prove and in this case did prove beyond a reasonable doubt that the defendant had a specific intent to wilfully evade payment of his income tax for the years in question. The specific intent was proven from all of the facts and circumstances of the case. The defendant during the time in question and prior thereto was possessed of expert knowledge of the income tax laws. He had been employed by the Federal Internal Revenue Service from 1933 to 1939. He was employed in the revenue departments of the Kentucky and Florida state governments. He was employed as a trust officer for two Miami, Florida banks during which time he

filled out income tax returns for third parties. Further evidence of his experience in tax law is a book which he wrote and published entitled, "Tax Advantages for United States Citizens Who Reside in the Virgin Islands, U.S.A.".

Thus from all of the evidence it was proven that the defendant's knowledge of the Federal Income Tax Laws and the Virgin Islands income tax laws, which in most instances is a verbatim copy of the Federal Income Tax Laws, was far superior to that of the average person.

The evidence showed beyond a reasonable doubt that the defendant opened a checking account at the Winchester Bank in Winchester, Kentucky in the name of "H & S Equipment Sales Co.". For the years 1957, 1958, and 1959 deposits were made to this account in the aggregate of $202,404.40. During the years in question the defendant withdrew from this account approximately $84,595.14 for his personal use.

The defendant's story of the transaction is substantially the following: The defendant was to organize a company in which certain moneys collected by a Mr. Thomas Catlett was to be deposited. This company was organized and named the H & S Equipment Sales Company which represented the first letters of the first names of the defendant and his second wife, Sadie. The money which was deposited in the H & S Equipment Sales Company checking account in the Winchester Bank was to be used to "placate" or for "kickbacks" to certain politicians in the Kentucky State Government. According to the defendant, this was part of the scheme Thomas Catlett and the President of the Winchester Bank, Mr. E. E. Freeman, used in which to give the government officials "kickbacks" for "peddling" their influence to obtain government contracts for Catlett's equipment company. The defendant contended that he personally did not receive any of the income from the H & S Equipment Sales Co. The evidence was contrary to this conten-

tion. The evidence showed beyond a reasonable doubt that the defendant made deposits to his personal checking accounts with checks drawn on the H & S Equipment Sales Co. account; that checks drawn on the H & S Equipment Sales Co. account were used to purchase cashiers checks which the defendant used to purchase consumer items such as a fur coat for his wife and an automobile for himself; and that the monies were used for the purpose of capitalizing a private business venture known as the Mafolie Hotel in St. Thomas, Virgin Islands.

The defendant further contended that the H & S Equipment Sales Company was a partnership of himself and two Virgin Islands corporations and therefore, the income was not chargeable to him. The Court finds that no partnership existed. The only evidence that a partnership existed were the partnership returns filed subsequent to the defendant being put on notice that his income tax returns were under investigation by the local tax authorities.

The defendant made fraudulent deductions on his 1957 and 1958 income tax returns for alimony payments allegedly made to his first wife. On July 19, 1945 in Florida, the defendant, who was the plaintiff in the divorce action, obtained a divorce from his first wife and pursuant to the final decree the defendant was ordered to pay $227.50 a month for the care, support and maintenance of his children and ex-wife. The defendant's first wife remarried in 1949 and in August of 1949 the defendant petitioned the Florida Court "to amend the terms of said Final Decree . . . and that that portion of the Decree which authorizes any part of this money to be used for the care, support, and maintenance of said Defendant be modified and changed". By order of the Florida Court dated September 29, 1949 the Final Decree was amended to read "That the plaintiff (petitioner) shall pay to Mrs. Jemmie Wagner the sum of $227.50 per month . . . for the care, support, and main-

tenance of Petitioner's and Respondent's children and for the payment on the mortgage covering their former home in which Mrs. Jemmie Wagner now resides, *and that Respondent's right of care, support, and maintenance under the original decree is hereby canceled and made void*". (Emphasis added.) The defendant who was the petitioner in the divorce action knew of this order amending the decree in as much as he was the party who procured it. No further alimony payments were made by the defendant, yet the defendant took the deductions for alimony payments on his 1957 and 1958 income tax returns. This was one of many incidents which showed that the defendant had a specific intent to evade paying his income tax.

The defendant has raised as a defense that he filed amended income tax returns for the years in question. The defendant's 1958 amended returns were filed on August 7, 1963. The Court is of the opinion that the defendant filed these amended returns only after he knew that he was under investigation by the Department of Finance of the Government of the Virgin Islands.

The Court is of the same opinion as that stated in the case of United States v. Alker, supra, that "although mere understatement of tax liability cannot substantiate the charge, consistent understatement is evidence of wilfulness". In this case the substantial understatement of the defendant's tax liability for the three years in question along with all of the other circumstances surrounding the case showed beyond a reasonable doubt that the defendant wilfully intended to defeat or evade the payment of his income tax. Therefore, the Court finds the defendant, Horace K. Hays, guilty as charged in each of the three counts of the information.