THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* SALVADOR PORFIRIO CALZADA, Defendant and Appellant.

Nos. CR-66-64 to CR-66-66.        Decided December 15, 1966.

*Luis A. Rivera Lacourt* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Elpidio Arcaya, Assistant Solicitor General,* for The People.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

■ ■  Willfulness in failing to pay timely the estimated tax is the essential element of the offense provided in § 145(a) of the Income Tax Act, 13 L.P.R.A. § 3145(a), which in its pertinent part reads as follows:

"Any person required under this subtitle to pay any tax . . . who willfully fails to pay such tax . . . shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, shall be fined not more than $10,000 or imprisoned for not more than one year . . . ."

The presence of this requirement of willful conduct is in deference to the constitutional provision disallowing imprisonment for debt, Article II, § 11 of the Constitution of the Commonwealth of Puerto Rico.[1]

■  We are constrained to admit that willfulness in the science of law is a term of many meanings precisely because it covers a whole gamut of situations which in the last analysis are reduced to a qualification of a mental or subjective status.[2] *United States* v. *Murdock,* 290 U.S. 389 (1933), *Spies* v. *United States,* 317 U.S. 492 (1942), and more specifically, *United States* v. *Palermo,* 259 F.2d 872 (3d Cir. 1958), constitute the basis of the doctrine defining the context of the element of willfulness as applied to the offense discussed in this case.

---

[1] The report of the Bill of Rights Committee to the Constitutional Convention explains this constitutional right briefly but precisely: "The one which precludes imprisonment for debt places the individual's security and liberty above material assets, disregarding any possibility that a person may be punished in this manner for the lack of funds to meet his financial obligations." 4 Journal of Proceedings 2571.

[2] Section 559 of the Penal Code, 1937 ed., 33 L.P.R.A. § 11, states that "The word 'wilfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to."

■ The Federal Supreme Court in *Murdock, supra,* at pp. 394–395, stated in considering willfulness as an element in an offense regarding a tax statute: "The word often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But when used in a criminal statute it generally means an act done with a bad purpose [citations]; without justifiable excuse [citations]; stubbornly, obstinately, perversely [citations]. The word is also employed to characterize a thing done without ground for believing it is lawful [citation], or conduct marked by careless disregard whether or not one has the right so to act [citations]." It anticipates, however that the mere failure to observe the rules prescribed in a tax law is not sufficient and stresses the need for the bad purpose to exist and to be established. This same concept is reiterated in *Spies, supra,* at p. 498,[3] and it is enhanced to require, not only knowledge of the duty imposed by law and the failure to observe it, but "some element of evil motive and want of justification in view of all the financial circumstances of the taxpayer."

The opinion in *Palermo, supra,* was the first expression of an appellate court construing the requirement of willfulness of the offense provided in § 145(a) of the Federal Income Tax Act of 1939, identical in language with § 145(a) of our Act. That case dealt with a taxpayer—a well known person of the underworld—who was prosecuted for willful failure to pay the tax timely although he had filed his return on time and then made late payments of the taxes due. In synthesis it was held, relying on *United States* v. *Martell,* 199 F.2d 670 (3d Cir. 1952) and *United States* v. *Litman,* 246 F.2d 206 (3d Cir. 1957), that willfulness, which is an

---

[3] Although *Spies* dealt with a violation of the provision which punishes the willful attempt to evade payment—a felony—the element of willfulness is discussed contrasting it with the misdemeanor which we are considering here.

essential element of the offense, requires the existence of a specific wrongful intent—with evil motive—as of the time the crime as charged, was committed, to wit, failure to pay the taxes due at the time required by law. A series of defaults indicating a behavior pattern, which knowingly and intentionally suggest the existence of a specific evil motive. "Mere laxity, careless disregard of the duty imposed by law, or even gross negligence, unattended by evil motive are not probative of willfulness", was said at p. 882. Among the decisions following from these opinions which are worth mentioning are *Dillard* v. *Patterson*, 326 F.2d 302 (5th Cir. 1963) ; *Edwards* v. *United States*, 321 F.2d 324 (5th Cir. 1963) ; *Haner* v. *United States*, 315 F.2d 792 (5th Cir. 1963) ; *Abdul* v. *United States*, 254 F.2d 292 (9th Cir. 1958) ; and *United States* v. *Cirillo*, 251 F.2d 638 (3d Cir. 1958). See also 10 Mertens, Law of Federal Income Taxation, §§ 55 A.02 and 55 A.09; Annotation, *Wilfulness or intent as an element of offenses denounced by Federal Income Tax Law*, 90 A.L.R. 1280 (1934) ; and Notes in 32 Temple L.Q. 221 (1959) and 18 Md. L. Rev. 354 (1958).

■ It is proper then to examine the circumstances in order· to · determine whether the judge can ´fairly infer that the failure to pay at the time provided by law was willful.[4]

---

[4] The doctrine on the context of the element of willfulness has been developed through cases in which error was assigned in the instructions to the jury, a situation we do not confront in Puerto Rico since here it is a misdemeanor. *Cf. United States* v. *Benus*, 305 F.2d 821 (3d Cir. 1962). For the treatment of instructions on misdemeanors—failure to file annual returns or to pay the taxes due at the time required by law—in a prosecution for the felony of attempting to evade or defeat tax, § 145(b) of the Income Tax Act, 13 L.P.R.A. § 3145(b), *Pérez Vega* v. *Superior Court, ante,* p. 730, see *Sansone* v. *United States*, 380 ·U.S. 343 (1965), which sustains the difference between both offenses to be that the latter requires, in addition to the. omissions constituting misdemeanors, "some willful commission" (p. 351). See also, *Achilli* v. *United States*, 353 U.S. 373 (1957) and *Berra* v. *United States*, 351 U.S. .131 (1956).

Whether the proof of willfulness should be more exacting when the felony of evasion is involved than when it is a case of a misdemeanor as

Determination of willfulness is a jury question, *Barrett* v. *United States*, 296 F.2d 309 (5th Cir. 1961); *Ripperger* v. *United States*, 248 F.2d 944 (4th Cir. 1957); *Yarborough* v. *United States*, 230 F.2d 56 (4th Cir. 1956), and which because of its very nature is seldom able to be proved resting mainly on circumstantial evidence, *Wilson* v. *United States*, 250 F.2d 312 (9th Cir. 1957).

With these rules in mind, let us examine the facts of the instant case.

Appellant, Salvador Porfirio Calzada, was accused and convicted of three violations of § 145 (a) of the Income Tax Act, *supra*. During the years 1959, 1960, and 1961, he filed his income tax returns within the term required by the statute and showed his tax liability to be $504.79, $460.53, and $484.29, but failed to make partial or full payments thereof. The tax receipts have been placed for collection, but are still pending payment, despite the fact that said appellant received, during those years, an annual salary of about $6,000 as a post office employee and that payment had been required from him by officials and employees of the Treasury Department on innumerable occasions.

The evidence establishes that Calzada, since the year 1950 until 1961, during twelve years, filed his income tax returns but never paid the tax estimated by him.[5] As a federal

---

failing to file a return or pay the tax *quaere*. See, *Abdul* v. *United States*, 254 F.2d 292 (9th Cir. 1958) and *Haner* v. *United States*, 315 F.2d 792 (5th Cir. 1963).

[5] The total tax owed by appellant, accrued interest and penalties excluded, is as follows:

| Year | Tax |
| --- | --- |
| 1950 | $ 11.75 |
| 1951 | 246.99 |
| 1952 | 500.85 |
| 1953 | 223.77 |
| 1954 | 259.51 |
| 1955 | 308.39 |
| 1956 | 336.39 |

employee he was under the obligation to pay the federal income tax. Considering the federal income tax credit allowed to the taxpayer for the local tax liability. For the total sum withheld the years in question by the federal authorities from his monthly salary was greater than his federal tax liability. In order to obtain this credit a copy of the tax return filed with the Secretary of the Treasury is required. For such purposes Calzada generally filed his return in the month of February, much in advance of the deadline date of April 15, he obtained certified copy thereof, attached it to his federal income tax return and obtained the reimbursement in the proper amount.[6] In spite of having received refunds of $268.20, $247.79, and $287.72 as reinbursements upon being granted credit for the total amount of the local tax,[7] he did not make any partial payment for his debt to the Commonwealth, not even to pay the 1950 tax liability which only amounted to $11.75. Confronted with the different requests for payment, including letters and telegrams, he adopted a passive attitude and disregarded them not offering

| | |
|---|---|
| 1957 | 363.11 |
| 1958 | 462.50 |
| 1959 | 515.96 |
| 1960 | 470.72 |
| 1961 | 495.07 |
| Total | $4,195.01 |

[6] The federal returns admitted in evidence show the following:

| | 1959 | 1960 | 1961 |
|---|---|---|---|
| Federal Tax | $677.89 | $651.04 | $674.27 |
| Credit for income tax payment to the Commonwealth | −504.79 | −460.53 | −484.29 |
| Federal tax to be paid | $173.10 | $190.51 | $189.98 |
| Tax withheld | 441.30 | 438.30 | 477.70 |
| Reimbursed sum | $268.20 | $247.79 | $287.72 |

[7] In the item corresponding to federal return (line 8(a)) the credit is identified as Credit for Income Tax payments to a foreign country or U.S. possession.

any explanation for his failure to pay. Nor did he take steps to obtain extensions of time for payment.

Appellant's defense consisted in that, using his own words, "My income has always been insufficient to cover all my expenses. It is not sufficient to have a surplus to allow me to pay a debt." To support this assertion he pointed out, in vague terms and devoid of any evidence, relying on his only averment, that he contributed about $2,500 for maintenance of his two minor daughters, and had personal expenses amounting to $1,800 for food, and $500 for clothing, besides $250 for transportation and $300 for medical expenses and entertainment. Even if we accept this dubious testimony his annual income of $6,149, $5,831.60, and $6,021.86 allowed him to pay the tax, or at least, make partial payments thereto. Confronted with the receipt of the amounts reimbursed him by the federal government he only replied that "I used the refunds to meet certain emergencies."

■ Upon pronouncing judgment the trial judge stated that he was convinced that defendant had wilfully failed to pay the tax and indicated that the circumstances surrounding the case distinguished it from that of *Palermo, supra,* invoked by the defense. We do not doubt the correctness of the trial court's conduct. The summarized facts show clearly a pattern of behavior, consistent and reiterated, of ignoring his responsibility to the government of Puerto Rico, bordering on perversity. *Cf. Government of Virgin Islands* v. *Hays,* 235 F.Supp. 765 (1964). The evidence properly establishes that appellant was fully aware of his obligation to pay the tax and of his intention not to pay. *United States* v. *Peterson,* 338 F.2d 595 (7th Cir. 1964) ; *United States* v. *Thompson,* 230 F.Supp. 530 (1964). The clearest index of his willfulness is appellant's action in obtaining a credit on the basis of his obligation to pay a state tax, which later he fails to pay. We cannot condone this conduct which unfortunately

occurs frequently among federal employees, whose sense of loyalty is limited to the government that pays their salaries and ignore the government furnishing public services enjoyed by all residents. It is high time we accept that punctuality in the payment of taxes is essential to an effective and orderly administration of the public Treasury. All taxpayers are bound to make adequate provisions in their family budgets for payment of taxes.

The judgment rendered by the Superior Court, San Juan Part, on November 15, 1963, will be affirmed.

