**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John J. FAHEY, Defendant-Appellant.**

**No. 23210.**

United States Court of Appeals
Ninth Circuit.

June 6, 1969.

Rehearing Denied Aug. 13, 1969.

Richard H. Foster (argued) and John V. Lewis, San Francisco, Cal., for appellant.

F. Steele Langford (argued) Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., Jerrold M. Ladar, Asst. U..S. Atty., Chief, Crim. Div., San Francisco, Cal., for appellee.

Before BARNES and CARTER, Circuit Judges, and KILKENNY, District Judge *.

BARNES, Circuit Judge:

Appellant was charged with and found guilty of the wilful failure to file income tax returns (26 U.S.C. § 7203) for the tax years 1960, 1961 and 1962.

The sole issue on this appeal is the sufficiency of the evidence to establish his wilful intent. As appellant's counsel concedes, appellant "for some seven years * * * failed to file a tax return," although he was a practicing attorney, and although he had been warned as to the effect of such failure in several of the years subsequent to 1962 by his own attorney. He had been told of the criminal sanctions imposed for a wilful failure to file, and knew the Internal Revenue Service was investigating his failure to file the returns for the years charged.

This, urges appellant's counsel, was "apparently a product of his emotional and psychological disturbances," and no wilfulness was involved.

We turn to the trial court's findings of fact 10, 11 and 12 (R.T. 33–34).[1]

---

* Hon. John F. Kilkenny, United States District Judge for the District of Oregon, sitting by designation.

1. Finding 10. The Defendant was at all times material fully aware that the law contained criminal sanctions for the willful failure to file timely income tax returns.

Finding 11. Notwithstanding the existence of emotional and psychological problems which the Defendant had and which were likely attributable to personal domestic circumstances, together with time-consuming professional pressures, the Defendant was nonetheless sane throughout the period beginning 1960 and continuing to date. Further, the Defendant knew the difference between right and wrong and was particularly aware and informed of the criminal penalties in respect to the willful failure to file federal income tax returns.

Finding 12. The failure of the Defendant to timely file federal income tax returns for each of the years 1960, 1961 and 1962 was in each instance of omission a voluntary, deliberate, intentional and purposeful act on his part, and with bad purpose in that by his particular knowledge, professional training and experience, and by virtue of his previous experience in the filing of his personal income tax re-

The trial judge did not place in his findings that appellant had no intent to defraud the Government, although he so stated at the trial (R.T. 138). In his memorandum opinion of March 6, 1969, he ruled the Government "had failed to establish that the defendant intended to defraud the Government of tax revenues due it." (C.T. 36, lines 16–18)

Appellant suggests that without an intent to defraud the Government there can be no violation of the statute—no wilful intent exists in a mere failure to file a return.

■ We believe the contrary. Unlike some other circuits, we suggest that Congress intended to draw a distinction between an intent to *defraud* (which intent must be wilful), and a wilful intent to fail to *file*, which may or may not involve an intent to defraud. For example, one might honestly plan and intend to pay the tax revenues due his Government at some future time subsequent to the required filing date, and hence have no intent to defraud. If one intentionally fails to file a return (or keep records, or supply information) at the times required by law, with full knowledge he was required to do so (whether or not he can pay), would it not be an intentional act—not to defraud, but to file the required return? The Supreme Court has held it to be. Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965).

"This misdemeanor requires only wilfulness and the omission of the required act. * * *.

*  *  *  *  *  *

"[T]he intent to report the income and pay the tax sometime in the future does not vitiate the wilfulness required by § 7203 * * *." Id. at 354, 85 S.Ct. at 1011.

Certainly if the taxpayer's conduct was "voluntary, deliberate, intentional and purposeful, and with bad purpose" (as the acts here were found to have been), the required intent existed.

The court below relied on our previous pronouncements in Abdul v. United States, 254 F.2d 292 (9th Cir.1958), cert. denied, 364 U.S. 832, 81 S.Ct. 44, 5 L. Ed.2d 58 (1960), and Martin v. United States, 317 F.2d 753 (9th Cir.1963).

The rule of *Abdul* is:

"The word 'wilful' as used in [the misdemeanor] counts  *  *  *  that is, failure to make a tax return, means with a bad purpose or without grounds for believing that one's act is lawful or without reasonable cause, or capriciously or with a careless disregard whether one has the right so to act." Id. at 294.

It then points out the felony charge (failure to pay) requires an intent to *defraud* the Government.

This rule has been criticized by a divided court in Haner v. United States, 315 F.2d 792 (5th Cir.1963) (Cf. the dissent at 795), and by another divided court in United States v. Vitiello, 363 F. 2d 240, 22 A.L.R.3d 1161 (3d Cir.1966), following United States v. Palermo, 259 F.2d 872 (3d Cir.1958).

But we affirmed our previous interpretation as expressed in *Abdul* in Edwards v. United States, 375 F.2d 862 (9th Cir.1967), relying primarily on and quoting the language used in United States v. Murdock, 290 U.S. 389, 394, 54 S.Ct. 223, 78 L.Ed. 381 (1933). 375 F.2d at 864.

We recently again succinctly affirmed our previous position in Eustis v. United States, 409 F.2d 228 (1969).

We think *Abdul* and the cases cited therein express the better rule, and we affirm the decision and judgment below.[2]

---

turns prior to 1960, the Defendant was aware that there were no reasonable or justifiable grounds for failure to timely file such tax returns.

2. "The word 'willful' is a word of many meanings, depending upon the context in which it is used." Zimberg v. United States, 142 F.2d 132, 137 (1st

■ The trial judge quite properly and humanely considered the defendant's emotional problems in fixing punishment. That alone was the area in which such consideration was proper, in view of the uncontradicted content of the expert testimony introduced on the subject.

Affirmed.

Frank Carter, Enid, Okl., for petitioner.

Thomas Canafax, Gen. Counsel, N.L.R.B., Washington, D. C., for respondent.

Before BREITENSTEIN, SETH and HICKEY, Circuit Judges.

Cir. 1944); United States v. Vitiello, *supra* (dissent 363 F.2d at 244); Spies v. United States, 317 U.S. 492, 497, 63 S. Ct. 364, 87 L.Ed. 418 (1943). For the difference between wilful commission (felony) and wilful omission (misdemeanor), see *Spies* at 499, 63 S.Ct. 364.

The trial court's determination is one of fact. United States v. Johnson, 386 F.2d 630 (3d Cir. 1967).

Ripperger v. United States, 248 F.2d 944 (4th Cir. 1957).

United States v. Schipani, 362 F.2d 825 (2d Cir. 1966), cert. denied, 385 U.S. 934, 87 S.Ct. 293, 17 L.Ed.2d 214.

*Cf. also* United States v. Ostendorff, 371 F.2d 729 (4th Cir. 1967).