**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William C. DOUGLASS, Defendant-Appellant.**

**No. 72–3136**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 6, 1973.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Larry Helm Spalding, Sarasota, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Claude H. Tison, Jr., Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

JOHN R. BROWN, Chief Judge:

In this direct criminal appeal of a misdemeanor conviction under 26 U.S.C.A. § 7203 [1] for failing to supply proper information to the Internal Revenue Service, we are asked to determine (i) if the Appellant's *intentional* refusal to file IRS Form 1040 can be equated with the element of willfulness required by that penal statute and (ii) if the assessment of a prison term for violation of § 7203 actually is an unconstitutional imprisonment for debt. Seeing no distinction between an intentional act and a willful one for the purpose of this statute, and finding no element of a debt involved in this particular statute, we affirm the conviction.

---

1. "§ 7203. Willful Failure To File Return, Supply Information, or Pay Tax.

   Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return (other than a return required under authority of Section 6015), keep records, or supply any information, who *willfully fails* to pay such estimated tax or tax, make such return, keep such records, or *supply such information*, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor, and upon conviction thereof, shall be fined not more than $10,000 or imprisoned not more than 1 year, or both, together with the costs of prosecution."
   (emphasis supplied).

### Criminal Disobedience

William Campbell Douglass, a medical doctor with a practice in Sarasota, Florida, was and is a self-styled American Patriot—a *super*-patriot by some standards. So patriotic, in fact, is he, that he conscientiously conceives it to be his duty to resist in all ways the declaration, assessment, and payment of his income taxes. To his credit, the record affirmatively reflects that Dr. Douglass is both undeniably mentally competent and deadly serious. Thus, there has never been any question that the acts complained of in the government's information were those of an individual acting intentionally and rationally.

Indeed, the heart of the matter is that Dr. Douglass believes the Internal Revenue System is unconstitutional and that the voluntary payment of any taxes constitutes *treason* against the United States. While it would consume much space to fully detail the beliefs which provoke this conclusion, we can attempt to summarize.

For many years, William C. Douglass has participated in the activities of organizations and groups which oppose communism through education and propaganda. Among Dr. Douglass' most notable associations are his involvement with the Liberty Amendment Committee, an educational group which seeks repeal of the 16th Amendment, and the organization known as "Let Freedom Ring." The latter group sponsors tape-recorded messages on various topics of public interest which individuals may hear by calling a telephone answering device in various cities.

Spurred by his activities in these and other such groups, Dr. Douglass evidently began to evolve a philosophy about the Internal Revenue System and the payment of income taxes. Reduced to its essentials, this philosophy is (i) the federal government, because of the influence of certain communists or communist sympathizers,[2] has given monetary and other forms of aid to enemies of the United States, (ii) to contribute to this aid by paying taxes would be treason, and (iii) the income tax is itself unconstitutional or at least is being illegally administered because it is not levied equally on all citizens. Accordingly, for the tax year 1966 and 1967 Dr. Douglass filed IRS Form 1040 with only his name, address, signature, and the words "UNDER PROTEST" written in bold letters across the face of the report.[3] No financial information or data of any other sort was given on these reports.

As a consequence, Dr. Douglass was convicted by a jury of the two violations of § 7203, note 1, *supra*, and was sentenced to a jail term and period of probation.

### A Red Flag

■ It takes no great mental gymnastics to sidestep the questions of who is or is not a communist, which actions of the federal government were or were not legitimate, and which of its officers are traitors. These are political questions which a citizen may air as he

2. As an appendix to the briefs submitted in this appeal, Dr. Douglass included a 76-page booklet, *The William Campbell Douglass Letters*, which details some of his quixotic jousts against IRS. Reprinted there are some of Appellant's letters to the Secretary of the Treasury. A partial list of the many persons named therein as communists and their sympathizers are: the late Presidents of the United States, Dwight D. Eisenhower, Lyndon B. Johnson, and Franklin D. Roosevelt; former Vice-President Hubert Humphrey; former Chief Justice Earl Warren, the late Justice Hugo L. Black, and Justice William O. Douglas; former Secretary of State Dean Rusk; United States Senators Bayh, Brewster, Mondale, Proxmire, Church, and others; former Attorney General Nicholas Katzenbach; and many, many others.

3. Testimony in the record indicates that Dr. Douglass did not pay his taxes for those years, and that for the subsequent years of 1968–1970, he has filed only a similar Form 1040 "under protest."

thinks best. Ordinarily, the forum for Dr. Douglass to urge his charges of mismanagement, skulduggery and treason would be the public arena, *i. e.*, the halls of Congress, the newspapers, and such. This time he chose not one of these but the courts. The Court turns out to be a poor forum, not because the judiciary fails to credit his claims, but because it holds that these beliefs afford no defense.

### *Willfulness*

Having unburdened the issues in this case of all excess baggage, we proceed to determine the narrow question of whether on this record the element of willfulness required by 26 U.S.C.A. § 7203 can be properly attributed to Dr. William Campbell Douglass.

There does not seem to be any contention that Appellant acted involuntarily or from some uncontrollable compulsion.[4] His only contention is that the government failed to show he acted with a "bad purpose," and that the following portion of the Court's charge to the jury was erroneous:

"I have permitted to come before you without limiting testimony of the defendant bearing on his political philosophy with regard to the United States Government. It is not a defense that the failure to furnish tax information required by the Internal Revenue law was done for the purpose of protesting Government policies, even if such protest is with good motive."

■ We think this was a correct statement of the law. The "bad purpose" or "evil motive" principle on which Appellant so heavily relies, is not the appropriate test for this statute. Although "willful" or "intentional" can have many meanings,[5] for a statute of this kind (see note 1, *supra*), it only requires that the act be purposefully done with an awareness of the action and not just negligently or inadvertently. Rather, this concept is simply one which excuses a *negligent* failure to file the information required by the statute. Dr. Douglass gets no comfort from United States v. Murdock, 1933, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381, which he so strongly urges. There the Supreme Court spelled out one test for willfulness:

"The word often denotes an act which is intentional, or knowing, or voluntary as distinguished from accidental. But, when used in a crim-

---

4. The record amply supports the jury's implied conclusion, as the following excerpts from direct and cross-examination of Appellant show:

    Q [By Appellant's Counsel] Would you state to the Ladies and Gentlemen of the Jury, Dr. Douglass, what you mean and what you meant by the words "Under Protest," sir?

    A  *  *  *

    . . . I made a decision and it was an irrevocable one, that I would not again contribute to a tax system that is being used to destroy your country, my children's country and my country.

    *  *  *

    Q [By the Government Prosecutor] Doctor would you admit that you failed to provide this information or pay taxes only after a considerable amount of thought and soul-searching?

    A Yes, that is certainly true.

5. See Roe v. United States, 5 Cir., 1961, 287 F.2d 435, at 441–442 and note 11,

and United States v. DeWitt, 5 Cir., 1959, 265 F.2d 393, 402–404 (dissenting opinion), which catalogue many of the cases for both positions urged here: *for the appellant*, United States v. Kemble, 3 Cir., 1952, 197 F.2d 316; Hargrove v. United States, 5 Cir., 1933, 67 F.2d 820, 90 A.L. R. 1276; Bloch v. United States, 9 Cir., 1955, 221 F.2d 786; St. Johnsbury Trucking Co. v. United States, 1 Cir., 1955, 220 F.2d 393; Boyce Motor Lines, Inc. v. United States, 1952, 342 U.S. 337, 72 S.Ct. 329, 96 L.Ed.2d 367; Automatic Canteen Co. of America v. F.T.C., 1953, 346 U.S. 61, 73 S.Ct. 1017, 97 L.Ed. 1454; *for the government*, United States v. Dotterweich, 1943, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48; United States v. Balint, 1922, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604; United States v. Behrman, 1922, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619. The cases are discussed at length in Morissette v. United States, 1952, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288.

inal statute it generally means an act done with a bad purpose; without justifiable excuse; stubbornly, obstinately, perversely. The word is also employed to characterize a thing done without ground for believing it is lawful, or conduct marked by a careless disregard whether or not one has the rights so to act."

290 U.S. at 394, 54 S.Ct. at 225, 78 L. Ed. at 385. (Citations by the Court omitted).

■ Douglass took the stand in his own defense and acknowledged he was aware of his obligation to declare and pay taxes.[6] He advanced no excuse for the dereliction save that of political protest. Clearly the jury was entitled to conclude that this total omission was intentional, deliberate and voluntary. To say it was these but it was not *willful* is a mere game of semantics. The word

may not be twisted to the point of meaninglessness. Indeed, Appellant's brief tells us that "negligence and willfulness are of necessity mutually exclusive terms."

■ Since we think it is clear enough that one may not pick and choose which laws he will obey and which he will disregard,[7] regardless of how conscientious may be his beliefs, we give to the words of the statute the traditional meaning and reject the notion [8] urged upon us by Dr. Douglass.[9]

### Debt

■ The contention that Dr. Douglass' prison sentence constitutes imprisonment for debt borders on the frivolous. It is evident that there is nothing in the information charging Dr. Douglass with a failure to *pay* income taxes. At trial, the testimony which related to the taxes owing by Douglass was introduced for

---

6. Trial Record page 394.

7. *See* United States v. Moylan, 4 Cir., 1969, 417 F.2d 1002, (the so-called "Catonsville Nine" trial) where the several defendants motivated by a sincere commitment against the war in Southeast Asia had entered a local draft board office to remove and destroy draft records. Although defendant undertakes to factually distinguish the crime there from the instant appeal, we think the principle is much the same. There, as here, "defense counsel urged upon the court a more expansive interpretation of the word 'willful' as used in the statutes, namely that no violation occurred unless defendants performed the admitted acts with a bad purpose or motive." 417 F.2d at 1004. In rejecting this approach, the court went on to say:

    The defendants' motivation in the instant case—the fact that they engaged in a protest in the sincere belief that they were breaking the law in a good cause— cannot be acceptable legal defense or justification. Their sincerity is beyond question. It implies no disparagement of their idealism to say that society will not tolerate the means they chose to register their opposition to the war. If these defendants were to be absolved from guilt because of their moral certainty that the war in Vietnam is wrong, would not others who might commit breaches of the law to demonstrate their sincere belief that the country is not

    prosecuting the war vigorously enough be entitled to acquittal? Both must answer for their acts.
    417 F.2d at 1009.

8. See United States v. Acker, 6 Cir., 1969, 415 F.2d 328; United States v. Matosky, 7 Cir., 1970, 421 F.2d 410, cert. denied, 398 U.S. 904, 90 S.Ct. 1691, 26 L.Ed.2d 62.

9. The remaining cases which Douglass cites for the notion that a "good faith political protest" negates the element of willfulness are factually distinguishable and in every case, inapposite. E. g., Spies v. United States, 1943, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, stands for the proposition that the combination of misdemeanors of failure to file and failure to pay the tax do not make out the felony crime of willful evasion, even though the two lesser acts were done intentionally.
    Haner v. United States, 5 Cir., 1963, 315 F.2d 792, was a case where this court reversed (one Judge dissenting) a conviction where the court's charge seemingly allowed the jury to convict for a "careless or inadvertent" failure to file. Nevertheless, we emphasized that " 'willful' generally means intentional, knowing, or purposeful, as opposed to careless, thoughtless, heedless, or inadvertent, and it means nothing less as used in Section 7203." 315 F.2d at 794. (Emphasis omitted).

the purpose of establishing that the defendant was one who was obligated to file a return and declare data respecting his income, not to prove the fact of the debt itself. Accordingly, we need not look behind the words of the statute to find something that is not there. Douglass only stands convicted of a failure to file a return in compliance with 26 U.S.C.A. § 7203.

Affirmed.