JANET H. BUNJE and DAVID J. BUNJE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bunje v. Commissioner
Docket No. 674-75.
United States Tax Court
T.C. Memo 1975-291; 1975 Tax Ct. Memo LEXIS 79; 34 T.C.M. (CCH) 1261; T.C.M. (RIA) 750291; September 22, 1975, Filed *79 Janet H. Bunje and David J. Bunje, pro se. Thomas F. Kelly, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency of $149.40 in petitioners' 1973 income tax. Petitioners herein dispute respondent's disallowance of their "War Crimes Noncomplicity Tax Deduction" of $149.40. [1] Respondent has moved for dismissal of the petition, under Rule 53, Tax Court Rules of Practice and Procedure, for failure to state a claim upon which relief can be granted. Petitioners resided in Goleta, California at the time they filed their petition. They filed their 1973 income tax return with the Internal Revenue Service Center at Fresno, California. Petitioners assert that the Federal Government has no authority to compel them to pay that portion of their income tax which corresponds to that portion of the federal budget relating to *80 past or future wars. Petitioners allege that both international law and the free exercise of religion clause of the first amendment to the Constitution[2] deprive the Government of such authority. The law, however, is well settled to the contrary. In Abraham J. Muste,35 T.C. 913, 920 (1961), we specifically stated: We are of the opinion that there is no principle of international law which operates to relieve citizens from their tax obligations and liabilities under the laws of their country or which imposes upon them individual responsibility for the use made of tax revenue. This Court has consistently maintained this position. E.g., Susan Jo Russell,60 T.C. 942, 946-947 (1973); Beatrice Ann Hawley,T.C. Memo. 1975-239; Mary E. Austin,T.C. Memo. 1975-51; Theodore Tapper,T.C. Memo. 1975-50; Paul A. Leatherman,T.C. Memo. 1975-41. It is equally well settled that the free exercise of religion clause of the first amendment does not *81 buttress petitioners' claims. E.g., Autenreith v. Cullen,418 F. 2d 586, 588-589 (9th Cir. 1969), cert. denied, 397 U.S. 1036 (1970); [3]Susan Jo Russell,supra;Abraham J. Muste,supra;Theodore Tapper,supra;Paul A. Leatherman,supra. Even in the context of criminal sanctions, courts have held that first amendment religious claims do not justify noncompliance with the tax laws. United States v. Malinowski,472 F. 2d 850 (3d Cir. 1973), cert. denied 411 U.S. 970 (1973); see United States v. Douglass,476 F. 2d 260 (5th Cir. 1973). In a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept all factual allegations of the petitioners *82 as true. Susan Jo Russell,supra at 944. Assuming the truth of all of the allegations made by petitioners, we find no basis for disapproving respondent's determination. Accordingly, respondent's motion to dismiss is granted and Decision will be entered for the respondent in the amount of the deficiency.
Footnotes
1. The alleged deduction is perhaps better denominated a credit. The petitioners apparently determined their "deduction" by first calculating their tax, which was $249.00, then subtracting from that figure $149.40, the amount they estimated went to war-related government expenditures.↩
2. "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. 1↩.
3. The Autenreith case is particularly pertinent to this case since the court of decision, the Ninth Circuit Court of Appeals, is the court to which petitioners' appeal would lie. Cf. Jack E. Golsen,54 T.C. 742 (1970), affd. 445 F. 2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940↩.