JUDITH P. LYBECK and M. DONALD LYBECK, JR., Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lybeck v. Commissioner
Docket No. 1596-76
United States Tax Court
T.C. Memo 1976-317; 1976 Tax Ct. Memo LEXIS 88; 35 T.C.M. (CCH) 1440; T.C.M. (RIA) 760317; October 7, 1976, Filed *88 Judith P. Lybeck and M. Donald Lybeck, Jr., pro se. James F. Kidd, for the respondent. DAWSON
DAWSON, Chief Judge: This motion to dismiss for failure to state a claim upon which relief can be granted was assigned to and heard by Special Trial Judge Lehman C. Aarons.This Court agrees with and adopts his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE AARONS, Special Trial Judge: This case is presently before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted filed April 5, 1976, pursuant to Rule 40, Tax Court Rules of Practice and Procedure.
Respondent determined a deficiency of $178.58 in petitioners' 1973 income tax. Petitioners herein dispute respondent's disallowance of their *89 "war tax deduction" in the amount of $939.89. Petitioners are husband and wife and resided in Milwaukee, Wisconsin, at the time of the filing of their petition. They filed a timely joint federal income tax return for the taxable year 1973 with the District Director of Internal Revenue, Milwaukee, Wisconsin. Petitioners' deduction was calculated on their estimate of the portion of their taxes which would be spent for war related activities. Their claim to the deduction is founded upon their belief that to deny the deduction would violate the free exercise clause of the First Amendment protecting religious, moral, and ethical beliefs. Petitioners are conscientiously opposed to direct or indirect participation in war. They are members of the United Methodist Church and rely on scriptures from the Bible and basic Christian tenets for their claim. In addition, they assert that under the Nuremberg Principles, nonpayment of taxes for military activities is supported by international law; and that in the absence of a formal declaration, the Southeast Asian war was unconstitutional. Petitioners have objected to respondent's motion under Rule 40 on the ground that the motion is *90 inappropriate and should have been a motion under Rule 120, Tax Court Rules of Practice and Procedure, for judgment on the pleadings. Petitioners' objections are not well taken. Instead of answering the petition in this case (in which case, a motion under Rule 120 would have been appropriate), the respondent chose to file the motion in question. For purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept all factual allegations in the petition as true and then determine whether those facts state a ground on which this Court can grant relief. Respondent's motion is a proper procedure under Rule 40. The justiciability of the arguments raised by petitioners is a threshold question. This Court has recently held in a very similar case that "a taxpayer, as such, lacks the requisite personal stake in the outcome of controversies involving alleged violations of international law." Lorna H. Scheide,65 T.C. 455 (1975). We have also considered the question whether the conflict with moral, religious and ethical principles, experienced and expressed by the petitioners, causes them to have a sufficient stake *91 to give them standing to raise these issues, i.e., whether such conflict puts petitioners in danger of being accomplices to war crimes. This was thoroughly considered in the case of John David Egnal,65 T.C. 255 (1975). We held therein that a citizen's payment of taxes does not constitute complicity within the meaning of the Nuremberg Principles.
Petitioners cite American Friends Service Committee v. United States,368 F. Supp. 1176 (E.D. Pa. 1973) in support of their position. The District Court held that it could be a violation of the First Amendment to require employers to withhold taxes from employees' payroll checks when the employee wished to conscientiously object to the payment of the tax, and that when the employer pays the tax without withholding from the employee the employer has standing to sue for a refund. The United States Supreme Court reversed the District Court insofar as it enjoined the collection of taxes by the government and withholding of wages by the employer. 419 U.S. 7 (1974). In any event the case does not hold that the tax liability of the employees can be absolved or that individual taxpayers have standing *92 to sue. Petitioner's contention based upon an alleged violation of international treaties has also been rejected by John David Egnal,supra. The case cited by petitioners, Foster v. Neilson,27 U.S. 253 (1829) does confirm that treaties must be treated on a par with acts of Congress but does not establish the requisite standing which petitioners lack herein. Aside from the question of justiciability, this Court has also held that alleged violations of international law (e.g., Nuremberg Principles) by the United States in the conduct of its foreign relations do not exempt a taxpayer from complying with the tax laws. As we specifically stated in Abraham J. Muste,35 T.C. 913, 920 (1961): We are of the opinion that there is no principle of international law which operates to relieve citizens from their tax obligations and liabilities under the laws of their country or which imposes upon them individual responsibility for the use made of tax revenue. Finally, it is equally well settled that the free exercise of religion clause of the First Amendment does not buttress petitioners' claims. E.g., Autenrieth v. Cullen,418 F.2d 586, 588-589 (9th Cir. 1969), *93 cert. denied, 397 U.S. 1036 (1970); Susan Jo Russell,60 T.C. 942 (1973); Abraham J. Muste,supra. Even in the context of criminal sanctions, courts have held that First Amendment religious claims do not justify non-compliance with the tax laws. United States v. Malinowski,472 F.2d 850 (3rd Cir. 1973), cert. denied, 411 U.S. 970 (1973); see United States v. Douglass,476 F.2d 260 (5th Cir. 1973). The case of Wisconsin v. Yoder,406 U.S. 205 (1972), relied on by petitioners is not applicable here. It involved a question of state requirements with respect to public schooling, not the government's right to collect taxes. The issues raised by petitioner have all been thoroughly considered and consistently rejected in many opinions of this Court. [2] While we do not doubt the depth of petitioners' convictions and the sincerity of their views, in our opinion the above cited cases are controlling. Accordingly, respondent's motion will be granted. *94 An appropriate order and decision will be entered. Footnotes
1. Since this is a pre-trial motion for failure to state a claim upon which relief can be granted and since there is no issue of fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. See Charles S. Greenberg,T.C. Memo. 1976-293, John H. Rozendaal,T.C. Memo. 1976-260, and Austin B. Wattles,T.C. Memo. 1976-217↩, representing very recent examples of a veritable host of Memorandum Opinions on this issue.