UNITED STATES of America,
Plaintiff-Appellee,

v.

Morse ERSKINE, Defendant-Appellant.

No. 78–1842.

United States Court of Appeals,
Ninth Circuit.

Dec. 18, 1978.

F. Steele Langford, Asst. U. S. Atty. (argued), San Francisco, Cal., for the U. S.

James Martin MacInnis (argued), San Francisco, Cal., for Morse Erskine.

Before SNEED and KENNEDY, Circuit Judges, and VON DER HEYDT,* District Judge.

ANTHONY M. KENNEDY, Circuit Judge:

In a trial to the court, appellant was convicted of violating 18 U.S.C. § 1014, which prohibits "knowingly mak[ing] any false statement or report . . . for the purpose of influencing in any way" the action of a federally insured bank. He does not challenge the sufficiency of the evidence, but appeals on the ground that the trial court should have allowed his medical doctor to testify that he lacked the mental capacity to form the specific intent to influence a bank.

* Honorable James A. von der Heydt, United States District Judge for the District of Alaska, sitting by designation.

■ The elements of a section 1014 violation include these requisite mental states: knowledge of falsity, and the intent to influence action by the financial institution concerning a loan or one of the other transactions listed in the statute. *See United States v. Sabatino*, 485 F.2d 540 (2d Cir. 1973), *cert. denied*, 415 U.S. 948, 94 S.Ct. 1469, 39 L.Ed.2d 563 (1974). The rule that a defendant may rebut or seek to disprove the Government's case by showing that one or more elements of a criminal offense did not occur extends to any of the mental components necessary to establish guilt of the crime in question. The defendant here should be permitted to show at trial that he did not know the information he gave to the bank was false or that he did not intend to influence the bank to act. *See, e. g., United States v. Kramer*, 500 F.2d 1185 (10th Cir. 1974) (no proof that defendant submitted the financial statement for the purpose of influencing approval of the loan). This court has stated that where a specific intent is an element of the offense the defendant can attempt to establish inability to form the requisite intent by reason of intoxication. *United States v. Hartfield*, 513 F.2d 254 (9th Cir. 1975). We think it beyond dispute that if a defendant can rely on a state of severe intoxication to establish an inability to form a specific intent, he can also prove that he suffered from some other mental or physiological condition which blocked formation of the requisite intent. As Judge Leventhal of the District of Columbia Circuit has stated:

Neither logic nor justice can tolerate a jurisprudence that defines the elements of an offense as requiring a mental state such that one defendant can properly argue that his voluntary drunkenness removed his capacity to form the specific intent but another defendant is inhibited from a submission of his contention that an abnormal mental condition, for which he was in no way responsible, negated his capacity to form a particular specific intent, even though the condition did not exonerate him from all criminal responsibility.

*United States v. Brawner*, 153 U.S.App.D.C. 1, 471 F.2d 969, 999 (1972). Similarly, the Fourth Circuit has held that even where the defense of insanity was not advanced, it is "still open to the defendant to introduce psychiatric testimony to show that by reason of his mental condition he was unable to form the requisite intent or *mens rea* which is an essential element of the crime charged." *Rhodes v. United States*, 282 F.2d 59, 60 (4th Cir.), *cert. denied*, 364 U.S. 912, 81 S.Ct. 275, 5 L.Ed.2d 226 (1960).

■ In this case, the defendant attempted to present the testimony of his personal physician. The offer of proof was as follows:

The defendant offers to prove through Dr. John T. Saidy that, based upon objective evidence of mental defect shown by a brain scan, as well as upon his own observations progressively made over a period of years concerning Morse Erskine as a patient, in addition to the observations of other persons brought to his attention, that Morse Erskine, in the realm of probability, did the matters referred to in the several indictments or omitted matters referred to in the indictments without knowing what he was doing and that similarly, in view of all the circumstances brought to the attention of Dr. John T. Saidy, Morse Erskine, during the pertinent times in question, was not capable of forming the requisite criminal intent denounced by section 1014 of Title 18.

The trial court has wide latitude in admitting or excluding psychiatric testimony on the question of a defendant's incapacity to form specific intent, *United States v. Demma*, 523 F.2d 981, 986 (9th Cir. 1975), and we do not hold that the court was required to exercise its discretion to admit testimony of the particular doctor in the instant trial. Our review of the record convinces us, however, that the doctor's testimony was excluded because the court believed that the defendant had no right to argue that he lacked the capacity to form a specific intent to commit the offense charged. In reaching this conclusion, the district court appar-

ently relied on *United States v. Haseltine*, 419 F.2d 579 (9th Cir. 1970). That case excluded evidence that psychological and emotional pressures prevented the defendant from willfully failing to file his income tax returns (26 U.S.C. § 7203). The court in *Haseltine* indicated that anything short of a full insanity defense was no defense at all. *Haseltine* is clearly inapplicable to this case, however, because there the court treated the statute in question as one which required only general, not specific, intent. The inability to form specific intent has never been a defense to general intent crimes. *See United States v. Fahey*, 411 F.2d 1213 (9th Cir.), *cert. denied*, 396 U.S. 957, 90 S.Ct. 430, 24 L.Ed.2d 422 (1969).

██ In this case, the theory of the defense was that Erskine was incapable of acting with an intent to influence the bank. Proof of this theory would probably require testimony concerning the defendant's incapacity to act for a specific purpose or to comprehend a causal connection between the information he submitted to the bank and its decision to lend him money. We express no opinion on whether Dr. Saidy was qualified to give such an opinion on the defendant's mental condition, but we do hold that the defendant was entitled to introduce competent evidence pertaining to the defense of lack of specific intent. While the competence and persuasiveness of the offered testimony can be questioned, the relevance of the subject matter cannot be.

REVERSED.