PER CURIAM:
 

 Bernard D. Byers appeals his conviction of three misdemeanor counts of willful failure to file tax returns, 26 U.S.C. 8 7203 (1976). Byers’ trial was held, with his written consent, before a United States Magistrate. During the trial, Byers sought to introduce psychiatric testimony to show that he was not capable of forming specific intent to fail to file tax returns during the years in question. The magistrate ruled the testimony inadmissible. Byers appealed to the district court, which affirmed the evidentiary ruling and the conviction.
 

 On appeal to this court, Byers challenges the constitutionality of 18 U.S.C. § 3401 (1982), which permits magistrates to preside over criminal misdemeanor trials with the parties’ consent. He also challenges the decision to exclude the psychiatric testimony. We affirm.
 

 18 U.S.C. § 3401 provides:
 

 (a) When specially designated to exercise such jurisdiction by the district court or courts he serves, any United States magistrate shall have jurisdiction to try persons accused of, and sentence persons convicted of, misdemeanors committed within that judicial district, (b) Any person charged with a misdemeanor may elect, however, to be tried before a judge of the district court for the district in which the offense was committed. The magistrate shall carefully explain to the defendant that he has a right to trial, judgment, and sentencing by a judge of the district court and that he may have a
 
 *570
 
 right to trial by jury before a district judge or magistrate. The magistrate shall not proceed to try the case unless the defendant, after such explanation, files a written consent to be tried before the magistrate that specifically waives trial, judgment, and sentencing by a judge of the district court....
 

 Byers argues that Article III of the Constitution prohibits the exercise of judicial power by persons who do not have the protections of lifetime tenure and undimin-ishable salary. He also contends that the right to an Article III judge is jurisdictional and cannot be waived by consent.
 

 Byers’ arguments must be evaluated in light of
 
 Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.,
 
 725 F.2d 537 (9th Cir.1984) (en banc),
 
 vacating
 
 712 F.2d 1305 (9th Cir.1983). In
 
 Pacemaker,
 
 we upheld the constitutionality of 28 U.S.C. § 636(c) (1982), which permits consensual reference of any federal civil case to a magistrate. The
 
 Pacemaker
 
 majority analyzed the essential constitutional issues in terms of ensuring due process to the parties and preserving the judiciary’s role in our constitutional system.
 
 Pacemaker,
 
 725 F.2d at 541. We concluded that consent, combined with “the appearance and the reality of control by Article III judges,” overcame any constitutional concerns.
 
 Id.
 
 at 540, 543-44. The other circuits that have considered the issue have reached the same result.
 
 See Goldstein v. Kelleher,
 
 728 F.2d 32 (1st Cir.1984);
 
 Collins v. Foreman,
 
 729 F.2d 108 (2d Cir.1984);
 
 Wharton-Thomas v. United States,
 
 721 F.2d 922 (3d Cir.1983).
 

 The provision for consensual reference of criminal misdemeanors contained in 18 U.S.C. § 3401 is similar to the provision for civil cases approved in
 
 Pacemaker.
 
 Indeed, Congress passed both provisions together in their present form as part of an effort to expand and clarify the magistrate’s jurisdiction. Federal Magistrate Act of 1979, Pub.L. No. 96-82, 93 Stat. 643 (amending 18 U.S.C. § 3401 and 28 U.S.C. § 636).
 
 See
 
 S.Rep. No. 74, 96th Cong., 1st Sess. 1,
 
 reprinted in
 
 1979 U.S.Code Cong. & Ad.News 1469. Both require the voluntary, written consent of the parties to have a case tried before a magistrate,
 
 see
 
 18 U.S.C. § 3401(b) and 28 U.S.C. § 636(c)(1) and (2), and both allow the district court to remove a consensual reference upon its own motion.
 
 See
 
 18 U.S.C. § 3401(f) and 28 U.S.C. § 636(c)(6). Given the
 
 Pacemaker
 
 majority’s emphasis on the curative effects of consent by the parties and control by Article III judges, we cannot, consistent with
 
 Pacemaker,
 
 hold that consensual reference of criminal misdemeanors violates the Constitution.
 

 Byers also suggests that his consent to trial by a magistrate was not voluntary. It is true that
 
 Pacemaker
 
 requires consent to be “freely and voluntarily undertaken.”
 
 Pacemaker,
 
 725 F.2d at 543. Byers, however, did not raise this contention until oral argument in this appeal and therefore it is not properly before us.
 
 See Scott v. Pacific Maritime Ass’n,
 
 695 F.2d 1199, 1203 (9th Cir.1983).
 

 With respect to the exclusion of the psychiatric evidence, Byers argues that failure to file tax returns is a specific intent crime and that the psychiatrist’s testimony was relevant to show that his actions were negligent, not willful.
 
 See United States v. Pomponio,
 
 429 U.S. 10, 11, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976) (per curiam);
 
 United States v. Bishop,
 
 412 U.S. 346, 360, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1973). We need not decide whether 26 U.S.C. § 7203 requires a specific or general intent. Even assuming specific intent is required and assuming further that the psychiatric testimony could in the court’s discretion have been admitted to negate specific intent, Byers was not automatically entitled to present that testimony. In
 
 United States v. Demma,
 
 523 F.2d 981 (9th Cir.1975) (en banc), we rejected a defendant’s offer of psychiatric testimony to prove that he was incapable of forming the specific intent to commit the crime charged.
 
 Id.
 
 at 986. We stated, “We have not held that expert testimony from qualified psychiatrists is inadmissible when it is offered to prove that a defendant was or was not
 
 *571
 
 capable of forming a specific intent that is an element of the offense. Rather, we have given the district court wide latitude in admitting or excluding psychiatric evidence directed to the capacity of a defendant to entertain a specific intent or directed to the credibility of a witness.”
 
 Id.
 
 (citations omitted);
 
 see also United States v. Erskine,
 
 588 F.2d 721, 722 (9th Cir.1978). A district court’s decision to exclude expert testimony will be upheld unless manifestly erroneous.
 
 United States v. Demma,
 
 523 F.2d at 987.
 
 See United States v. Barnard,
 
 490 F.2d 907, 912-13 (9th Cir.1973),
 
 cert. denied,
 
 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974).
 

 An examination of the offer of proof in the present case reveals that the psychiatric testimony was ambiguous. We cannot say that the psychiatrist’s testimony would have materially assisted a jury in determining whether Byers committed a voluntary, intentional violation of known legal duty.
 
 See United States v. Bishop,
 
 412 U.S. at 360, 93 S.Ct. at 2017; Fed.R. Evid. 702. Under these circumstances, it was not manifestly erroneous to conclude that the testimony should not be admitted.
 

 Affirmed.