UNITED STATES of America,
Plaintiff-Appellee,

v.

Yeayin BEZOLD, Adolph Lange, Marcela Vosahlo, Defendants-Appellants.

Nos. 84–1071, 84–1105 and 84–1112.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 7, 1984.

Decided May 16, 1985.

Sara Criscitelli, Washington, D.C., for plaintiff-appellee.

Michael R. Levine, Federal Public Defender, Peter C. Wolff, Jr., Hart & Wolff, Honolulu, Hawaii, for defendants-appellants.

Before HUG, TANG, and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge.

Appellant Bezold appeals from his conviction on one count of conspiracy to commit immigration fraud in violation of 18 U.S.C. § 371. Appellants Lange and Vosahlo appeal from their convictions for conspiracy to manufacture marijuana and for manufacturing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The appeals were consolidated for purposes of argument and decision because, apart from the other questions raised, the appellants in all three appeals seek reversal on the ground that a magistrate rather than a district court judge protected by Article III of the United States Constitution conducted the jury voir dire.

In the Lange and Vosahlo appeals appellants have no specific complaint about the manner in which the magistrate conducted voir dire; they had a full opportunity to raise with the district court any problems that might have arisen and to request that the district court ask additional questions if either the defendants or the court desired. In the Bezold case, the district court reviewed the transcript of the voir dire proceedings and gave a lengthy curative instruction to the jury with respect to the matters about which the appellant's counsel complained. None of the appellants object to the inclusion of any particular juror on the panel.

We hold, in the limited circumstances presented in these appeals, that there was no constitutional or statutory violation, and we further find no merit to the remainder of the appellants' contentions. We, therefore, affirm the convictions.

## MAGISTRATE–CONDUCTED VOIR DIRE

The Magistrate Rules for the District of Hawaii authorize the district court to assign to a magistrate the duty of conducting "voir dire examination and the impaneling of trial juries for district judges." D.H. Mag.R. VI G. This rule, and others across the country to similar effect[1] were promulgated in the wake of the 1976 amendments to the 1968 Magistrates Act which greatly broadened the duties which could be assigned to magistrates by the district court. This particular rule was enacted pursuant to 28 U.S.C. § 636(b)(3) which provides that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3).

■ The defendants first argue that section 636(b)(3) does not authorize magistrate-conducted voir dire because federal common law requires that an Article III judge conduct voir dire. They cite language in *Rosales-Lopez v. United States*, 451 U.S. 182, 188, 101 S.Ct. 1629, 1634, 68 L.Ed.2d 22 (1981), and *Ristaino v. Ross*, 424 U.S. 589, 594–95, 96 S.Ct. 1017, 1020, 47 L.Ed.2d 258 (1976), referring to the responsibility of "the trial judge" to determine the impartiality of jurors. These cases, however, which decided whether the trial judge must inquire as to racial prejudice during the voir dire, have no bearing upon the permissible division of labor between a judge and a magistrate. They, therefore, do not create a federal common law rule prohibiting magistrate-conducted voir dire.

■ Plaintiffs next argue that magistrate-conducted voir dire violates Article III and due process. This court, in *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.*, 725 F.2d 537 (9th Cir.) (en banc), *cert. denied*, — U.S. —, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984), held that the provisions of the Magistrates Act which permit a magistrate to conduct a civil trial with the consent of all the parties do not violate Article III. We stressed there that "consent, combined with 'the appearance and the reality of control by Article III judges,' overcame any constitutional concerns." *United States v. Byers*, 730 F.2d 568, 570 (9th Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 333, 83 L.Ed.2d 270 (1984) (quoting *Pacemaker*, 725 F.2d at 540, 543–44). The other circuits which have considered the *Pacemaker* question have reached the same result. *See D.L. Auld Co. v. Chroma Graphics Corp.*, 753 F.2d 1029 (Fed.Cir.1985); *Fields v. Washington Metro Area Transit Authority*, 743 F.2d 890 (D.C.Cir.1984); *Geras v. Lafayette Display Fixtures, Inc.*, 742 F.2d 1037 (7th Cir.1984); *Lehman Brothers Kuhn Loeb, Inc. v. Clark Oil and Refining Corp.*, 739 F.2d 1313 (8th Cir.1984) (en banc), *cert. denied*, — U.S. —, 105 S.Ct. 906, 83 L.Ed.2d 921 (1985); *Puryear v. Ede's Ltd.*, 731 F.2d 1153 (5th Cir.1984); *Goldstein v. Kelleher*, 728 F.2d 32 (1st Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 172, 83 L.Ed.2d 107 (1984); *Collins v. Foreman*, 729 F.2d 108 (2d Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 218, 83 L.Ed.2d 148 (1984); *Wharton-Thomas v. United States*, 721 F.2d 922 (3d Cir.1983). Applying *Pacemaker* to criminal misdemeanor proceedings, we held that the provisions in the Magistrates Act which permit magistrates to preside over criminal misdemeanor trials with the parties' consent, 18 U.S.C. § 3401, do not violate Article III so long as adequate control by the district court exists. *Byers*, 730 F.2d at 570.

In these cases, however, the defendants did not consent to voir dire by the magistrate. In fact, they filed timely objections to the magistrate's conduct of the voir dire. *Pacemaker* and *Byers* are, therefore, not controlling.

---

1. The *Legal Manual for United States Magistrates* provides that the "[c]onduct of voir dire and selection of juries for district judges" may be assigned to a United States Magistrate under 28 U.S.C. § 636(b)(3). *Legal Manual for United States Magistrates* § 3.10(3). Other district courts have adopted rules similar to Hawaii's. *See, e.g.,* D.Ariz.R. 18(d)(6); W.D.Wash.Mag.R. 9(d); N.D.N.Y.R. 43.5(3); D.P.R. R. 13.6N.

The most relevant Supreme Court guidelines to date for assessing the limits under Article III for the delegation to magistrates of duties previously performed by Article III judges are found in *United States v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). The Supreme Court there held that referral of a suppression motion to a magistrate pursuant to 28 U.S.C. § 636(b)(1) did not violate either Article III or the defendant's due process rights so long as the ultimate determination on the issue was reserved to an Article III judge. *Id.* at 677–83, 100 S.Ct. at 2413–16, 65 L.Ed.2d 424. In *Raddatz,* the defendant unsuccessfully argued that the review provisions of 28 U.S.C. § 636(b)(1), which do not require the district court to hear live testimony in making its *de novo* determination, violate the Due Process Clause of the Fifth Amendment and Article III of the Constitution.

In his opinion for the Court, Chief Justice Burger recognized that the resolution of a suppression motion often determines the outcome of the prosecution. *Id.* at 677–78, 100 S.Ct. at 2406, 65 L.Ed.2d 424. He stressed, however, that the magistrate does not make the final decision regarding admissibility. The district court's power to "accept, reject, or modify the magistrate's proposed findings" adequately protected due process rights. *Id.* at 680, 100 S.Ct. at 2415, 65 L.Ed.2d 424. Justice Blackmun's concurring opinion sounded a similar note when it stated that "the district judge—insulated by life tenure and irreduceable salary—is waiting in the wings, fully able to correct errors." *Id.* at 686, 100 S.Ct. at 2417, 65 L.Ed.2d 424 (Blackmun, J., concurring). Their observations are equally appropriate in this case.

The concerns of the dissenters in *Raddatz* were, on the other hand, focused primarily upon the inability of the district judge, confined to review of a cold transcript, to see or hear the witnesses. Such concerns are less relevant in these cases, since the district court was able both to review the transcript of the magistrate's voir dire and to have the actual jury panel in its presence during the trial.

This court applied *Raddatz* in *United States v. Saunders,* 641 F.2d 659 (9th Cir. 1980), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422, and upheld a magistrate's instruction directing a jury to continue its deliberations. We held that under the "para-judge" rationale of *Raddatz* and *Mathews v. Weber,* 423 U.S. 261, 266–72, 96 S.Ct. 549, 552–55, 46 L.Ed.2d 483 (1976), the opportunity for review provided by the local court rules satisfied the defendant's Article III objections because the magistrate's ruling was subject to review by a district court judge. *Saunders,* 641 F.2d at 663–664. While the Magistrate Rules for the District of Hawaii do not specifically provide for district court review of the magistrate-conducted voir dire, this omission is not fatal to these convictions. In all of these cases, the defendants had an opportunity to raise with the district judge any problems in the conduct of the voir dire, and the district judge had an opportunity for full de novo review of the qualifications of the jurors when the panel appeared before the judge for the start of the trial. In addition, the judge had wide discretion to disqualify jurors even after the trial began. *See, e.g., United States v. Sears,* 663 F.2d 896, 899–900 (9th Cir.1981), *cert. denied,* 455 U.S. 1027, 102 S.Ct. 1731, 72 L.Ed.2d 148 (1982).

 Of the cases before us, the defendants in two have no specific complaint about the conduct of the voir dire and do not articulate what the presence of an Article III judge might have added. In the third, the magistrate improperly commented to the jury that they should not believe what the lawyers say. This problem, however, was presented to the district court judge, who had the transcript available; he was able to make a careful curative instruction to the jury as to the proper role of lawyers and their statements in the course of a trial. The magistrate made an additional improper comment, to the effect that the lawyers were close personal friends and in a hurry to get finished, which defense counsel did not call to the

attention of the district court judge. The judge's curative instruction was broad enough to encompass that comment as well.

The parties do not complain about the make-up of the panel or assert that they lacked an opportunity for full review by the district court of any problems which arose during voir dire. The defendant argues that use of Article III judges at all stages of a criminal proceeding would be more desirable than delegation of functions to non-Article III officers. In the circumstances of these cases, however, given the guidelines of *Raddatz,* we find no constitutional violation.

APPELLANTS' OTHER CONTENTIONS

■ Appellant Lange contends that the district court admitted his pre-arrest statements to police in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The protective rules of *Miranda* apply only to police interrogations in which the suspect is in "custody or otherwise deprived of his freedom of action in any significant way." *Id.* at 444, 86 S.Ct. at 1612, 16 L.Ed.2d 694. We affirm the district court's denial of Lange's suppression motion because we agree that, under the objective test of *Berkemer v. McCarty,* —— U.S. ——, 104 S.Ct. 3138, 3152, 82 L.Ed.2d 317 (1984), he was not in custody prior to his arrest. *See United States v. Booth,* 669 F.2d 1231, 1235 (9th Cir.1981).

■ Appellant Bezold claims that the district court abused its discretion in excluding six cartons of files. Bezold argued that the files were admissible to rebut the government's implication that most of the matters handled in his office were fraudulent. In the offer of proof, he argued that "well over 85%" of the files indicated no fraud.

"The district court retains considerable latitude even with admittedly relevant evidence in rejecting that which is cummulative, and in requiring that which is to be brought to the jury's attention to be done

so in a manner least likely to confuse that body." *Hamling v. United States,* 418 U.S. 87, 127, 94 S.Ct. 2887, 2912, 41 L.Ed.2d 590 (1974); *United States v. Hooten,* 662 F.2d 628, 636 (9th Cir.1981), *cert. denied,* 455 U.S. 1004, 102 S.Ct. 1640, 71 L.Ed.2d 873 (1982). The district court permitted the defense to make arguments regarding the contents of the boxes. The court therefore did not abuse its discretion in excluding the files themselves.

■ Bezold also argues that the evidence was not sufficient to sustain his conviction for immigration fraud. His principal contention is that while he participated in the actual preparation of fraudulent documents, he was not shown to have been sufficiently proficient in the English language to comprehend the nature and scope of the fraud conspiracy. The evidence, including his recent successful completion of citizenship examination requirements, was sufficient to permit the jury to conclude that the defendant had the requisite knowledge. *United States v. Abushi,* 682 F.2d 1289, 1293 (9th Cir.1982); *United States v. Perry,* 550 F.2d 524, 528–29 (9th Cir.), *cert. denied,* 434 U.S. 827, 98 S.Ct. 104, 54 L.Ed.2d 85 (1977).

Affirmed.