988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald W. GATHWRIGHT, Defendant-Appellant.
 No. 92-30006.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 4, 1993.
 
 Appeal from the United States District Court for the District of Oregon; No. CR-91-253-OMP, Owen M. Panner, Chief Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald W. Gathwright appeals his jury conviction for three counts of willful failure to file federal income tax returns in violation of 26 U.S.C. § 7203. Gathwright contends that the district court erred by refusing to provide the jury with his requested instructions regarding his defense theory of lack of willfulness due to extreme mental distress. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Preservation of Issue for Appeal
 
 
 4
 First, we must determine whether Gathwright adequately objected to the jury instructions to sufficiently preserve this issue for appeal. United States v. Payne, 944 F.2d 1458, 1463 (1991). A party is prohibited from assigning error "unless that party objects thereto before the jury retires to consider the verdict, stating distinctly the matter to which the party objects and the grounds of the objection." Fed.R.Crim.P. 30; United States v. Kessi, 868 F.2d 1097, 1102 (9th Cir.1989). "A party need not properly object if doing so would be a pointless formality." Kessi, 868 F.2d at 1102. "An objection may be a pointless formality when (1) throughout the trial the party argued the disputed matter with the court, (2) it is clear from the record that the court knew the party's grounds for disagreement with the instruction, and (3) the party offered an alternative instruction." Id.
 
 
 5
 Here, a specific objection from Gathwright's counsel would have been a "pointless formality." Prior to instructing the jury, the district court held a charge conference to allow counsel to put any objections to the instructions on the record regarding willfulness. At the charge conference, Gathwright's counsel offered alternative instructions to define willfulness and argued that "evil intent and bad motive is the best and most authoritative explanation of what the rule of willfulness is." Gathwright's alternative instruction stated specifically that "willful means voluntary, purposeful, deliberate, and intentional, as distinguished from accidental, inadvertent, or negligent." This instruction was rejected by the court and Gathwright objected.
 
 
 6
 The government argues that Gathwright did not properly preserve this issue for appeal because he never distinctly complained about the absence of language concerning the significance of an accident, a mistake, negligence, or diminished capacity and that his only specific objection was that the instruction did not include language explaining willfulness in terms of bad purpose or evil motive.
 
 
 7
 The record reveals, however, that Gathwright advised the trial court of his theory of the case before the trial in his trial memorandum and at the end of trial in his requested instructions. The record also reveals that Gathwright objected when his requested instruction was denied after a discussion with the district judge. Therefore, it is clear from the record that the district court was aware of Gathwright's position and that Gathwright offered an alternative instruction. Accordingly, Gathwright properly preserved this issue for appeal. See id.
 
 II
 The District Court's Jury Instructions
 
 8
 We review de novo whether a jury instruction was an accurate statement of the law. See United states v. LaFleur, 971 F.2d 200, 204 (9th Cir.1990). "We determine whether, viewing the instructions as a whole, the court gave adequate instruction ... to ensure that the jury fully understood the issues, and to determine whether the instruction is misleading or states the law incorrectly to the prejudice of the objecting party." United States v. Terry, 911 F.2d 272, 279 (9th Cir.1990) (quotations and citations omitted).
 
 
 9
 In a prosecution pursuant to 26 U.S.C. 7203, the government must prove that the defendant willfully failed to file an income tax return. Cheek v. United States, 111 S.Ct. 604, 610 (1991). In order to show willfulness, the government must prove "that the law imposed a duty on the defendant, that the defendant knew of the duty, and that he voluntarily and intentionally violated that duty." Id. A defendant is entitled to a jury instruction on his theory of the case if it is supported by law and has some foundation in the record. United States v. Solomon, 825 F.2d 1292, 1295 (9th Cir.1987), cert. denied, 484 U.S. 1046 (1988). A defendant is not entitled to any particular form of an instruction, however, if the instructions presented "fairly and adequately cover the defendant's theories of defense." Id. at 1295. "The district court has broad discretion in formulating the precise language of jury instructions." Id.
 
 
 10
 Here, Gathwright contends that the district court failed to provide the jury with adequate instructions on his theory of defense. Gathwright states that his theory of defense was directed at the willfulness element that the government is required to prove under 26 U.S.C. 7203. He further states that at trial he presented evidence of severe emotional distress which he suffered during the time he failed to file his income tax returns and made specific requests for jury instructions stating that mistake, accident, inadvertence, negligence, recklessness, and psychological stress may negate willfulness. The district court refused Gathwright's instruction regarding willfulness and instead instructed the jury that:
 
 
 11
 An act is done willfully if done voluntarily and intentionally and with the purpose of avoiding a known legal duty. Willfulness does not require the Government to prove an intent to evade payment of taxes or to defraud the Government.
 
 
 12
 The district court's instruction on "willfulness" correctly and adequately informed the jury of the applicable law. Cheek, 111 S.Ct. at 610. The record reveals that the district court's instruction of the law fairly and adequately covered Gathwright's theory of the case, and the denial of Gathwright's instructions did not constitute reversible error. See Solomon, 825 F.2d at, 1295.
 
 III
 Instructions on Expert Testimony
 
 13
 Gathwright further contends that the trial court erred in refusing an instruction that expert testimony need not be presented in order for the jury to find that defendant did not act willfully because of extreme emotional distress. This contention lacks merit.
 
 
 14
 "[T]he district court has wide latitude in admitting or excluding psychiatric evidence directed to the capacity of a defendant to entertain a specific intent...." United States v. Byers 730 F.2d 568, 571 (9th Cir.1984) (per curiam) (quoting United States v. Demma, 523 F.2d 981 (9th Cir.1975) (en banc)). Moreover, a district court maintains broad discretion in formulating jury instructions. Solomon, 825 F.2d at 1295.
 
 
 15
 Here, Gathwright requested an instruction that:
 
 
 16
 A jury is fully qualified in the law to find that an accused did not act deliberately due to extreme mental or emotional distress. It is not necessary for a party to call an expert witness regarding extreme mental or emotional distress. The jury may make it's own finding, so long as there is evidence to support it's finding.
 
 
 17
 The district court rejected this instruction and expressed concern that the proposed instruction seemed to imply that mental or emotional distress was a defense. As previously noted, the record reveals that the district court's instructions fairly and adequately covered Gathwright's theory of defense. See Solomon, 825 F.2d at 1295. Accordingly, the district court did not err by rejecting Gathwright's proposed instruction regarding expert testimony. See id.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3