**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10458 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00271-MCE-1 |
| v. | |
| REZA HOSSNIEH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Chief District Judge, Presiding

Argued and Submitted January 15, 2013
San Francisco, California

Before: TASHIMA, GRABER and FISHER, Circuit Judges.

Reza Hossnieh appeals his conviction for threatening a federal officer to interfere with his duties, in violation of 18 U.S.C. § 115. We affirm.

**1.** The district court did not abuse its discretion by refusing to grant a continuance to allow Hossnieh to provide the prosecution sufficient notice of intent to rely on a psychiatric defense. Even if Hossnieh had provided adequate notice,

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the district court indicated that it likely would have excluded the psychiatric report because there was "no nexus shown" between the report and any trial issue. Thus, any prejudice Hossnieh suffered from the denial of a continuance was insufficient to warrant reversal. *See United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir.) (considering prejudice) *amended by* 764 F.2d 675 (9th Cir. 1985).

The proffered opinion of Dr. Sokolov that, as a result of bipolar disorder, Hossnieh was acting impulsively when he threatened Detective Howisey, and that Hossnieh may have suffered from delusions and grandiose thinking, does not suggest that Hossnieh was incapable of forming intentions or acting to carry out those intentions. Exclusion of the report for lack of a nexus would not have been manifestly erroneous. *See United States v. Demma*, 523 F.2d 981, 987 (9th Cir. 1975) (en banc) (holding that the exclusion of psychiatric testimony proffered to negate mens rea will not be disturbed unless it was "manifestly erroneous"); *United States v. Byers*, 730 F.2d 568, 571 (9th Cir. 1984) (per curiam) (holding that "it was not manifestly erroneous to conclude that the testimony should not be admitted" where "the psychiatric testimony was ambiguous" and would not have materially assisted a jury); *United States v. Erskine*, 588 F.2d 721, 722 (9th Cir. 1978) (recognizing a district court's "wide latitude in admitting or excluding

psychiatric testimony on the question of a defendant's incapacity to form specific intent").

**2.** The district court did not abuse its discretion by admitting pictures that Hossnieh posted on MySpace depicting himself holding firearms. Detective Howisey viewed these pictures before receiving the threatening communication. Therefore, though prejudicial, *see United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992), the pictures were relevant to whether Howisey would interpret the voicemail as a serious expression of Hossnieh's intent to harm or assault him.

**3.** The prosecution's elicitation of testimony that tape is sometimes put around the handles of shotguns to mask fingerprints and that killing a law enforcement officer is sometimes part of a gang initiation was questionable, but not plain error. This brief testimony – cumulatively, three questions and three answers – was unlikely to have affected the outcome of the trial in light of the overwhelming evidence of Hossnieh's guilt. *See United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (holding that for error to be "plain," there must be "a reasonable probability that the error affected the outcome of the trial"); *United States v. Lui*, 941 F.2d 844, 848 (9th Cir. 1991) (concluding that error is harmless if there is overwhelming evidence of guilt).

**AFFIRMED.**