**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50273 |
| Plaintiff - Appellee, | D.C. No. 8:11-cr-00242-JLS-1 |
| v. | |
| MARIBEL RINCON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted July 5, 2016[**]
Pasadena, California

Before: MURGUIA, and WATFORD, Circuit Judges, and BOLTON,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

Maribel Rincon appeals her convictions for aiding and abetting the filing of false, fictitious, or fraudulent claims against the United States, in violation of 18 U.S.C. §§ 287 and 2(b). Rincon raises three issues on appeal: (1) that she was deprived of her constitutional right to effective assistance of counsel because of her attorney's lack of compensation while he was representing her; (2) that the district court plainly erred in refusing to admit expert testimony that Rincon suffered from a mental condition that caused her to lack the capacity to form fraudulent intent; and (3) that the district court plainly erred in instructing the jury that it could find her guilty of violating 18 U.S.C. § 287 based on a "deliberate ignorance" theory after it excluded the proffered expert testimony, or by failing to provide the jury with a willfulness instruction. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

1.      We decline to address Rincon's Sixth Amendment claim on direct appeal because the record is insufficiently developed and her counsel's representation was not so inadequate that it can be concluded that Rincon was denied her constitutional right to conflict-free representation. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). To the extent that Rincon raises a Fifth Amendment violation on behalf of her trial counsel, Rincon lacks standing to assert such a claim. *See Barrows v. Jackson*, 346 U.S. 249, 255 (1953)

2

("Ordinarily, one may not claim standing . . . to vindicate the constitutional rights of some third party.").

2.     We affirm the district court's exclusion of expert testimony on Rincon's capacity to form fraudulent intent because Federal Rule of Evidence 704(b) prohibits expert testimony that the defendant did not possess the requisite mens rea to commit the charged offenses.  Assuming that Rincon preserved this error for appeal even though she did not make an offer of proof to the district court, *see* Fed. R. Evid. 103(a)(2); *United States v. Tamman*, 782 F.3d 543, 552 n.2 (9th Cir. 2015), the record supports the district court's determination that the expert testimony would not have otherwise materially assisted the jury in determining whether Rincon committed the charged offenses.  *United States v. Byers*, 730 F.2d 568, 571 (9th Cir. 1984).  Rincon's reasons for participating in the tax-fraud scheme do not make Rincon's knowledge of the falsity of the returns she helped file any more or less probable, nor does § 287 require the government to prove that Rincon possessed the intent to defraud, as Rincon contends.

3.     We also affirm the district court's jury instructions. By jointly submitting the challenged jury instructions, Rincon forfeited her ability to challenge them on appeal.  *United States v. Cain*, 130 F.3d 381, 383–84 (9th Cir. 1997).  But, even if we review for plain error, § 287 only forbids persons from

3

presenting a claim to the United States that they know to be false, fictitious, or fraudulent; it does not require a showing of willfulness. *United States v. Atalig*, 502 F.3d 1063, 1067 (9th Cir. 2007). The district court also did not err in giving a deliberate ignorance instruction because nothing in the excluded expert testimony (beyond its inadmissible *mens rea* conclusion) suggested that Rincon's hybrid personality disorder would have prevented her from suspecting the falsity of the tax returns.

**AFFIRMED.**